UNITIED STATES DISTRICT COURT
EASTER DISTRICT OF NEW YORK
----------------------------------------------------------X
LISA GUZZONE,

                     Plaintiff,

  - against -

MICHAEL ZAZZA,
                   Defendant.
----------------------------------------------------------X

**Case No. 1:19-cv-006202-ILG-RER**

**DEFENDANT'S**
**MEMORANDUM OF LAW**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………… 1

STATEMENT OF FACTS………………………………………….. 1

    The issues should be governed by and construed in
    Accordance with the Laws of the State of Delaware
    without regard to its principles and conflict of laws…………… 2

ARGUMENT

    A.    Introductory Statement………………………………….. 3

    B.    The two (2) Sale Contracts and the Operating
         Agreement are integral to the Complaint……………… 3

    C.    The Court should apply Delaware Law………………… 4

    D.    Delaware maintains a three (3) year statute of
         Limitations…………………………………………….. 6

         1.  Plaintiff's claims are time-barred…………………… 6

         2.  The limitations of time have not tolled……………… 6

         3.  The Second Claim for Relief alleging unjust
            Enrichment is time-barred and dismissible………… 8

    E.    New York Law maintains a six (6) year statute of
         limitations…………………………………………….. 9

1.  The First and Fourth Claims for Relief alleging
Fraud, fraudulent inducement and fraudulent
Misrepresentation are time-barred…………………      9

2.  Plaintiff's Third Claim for Relief alleging breach
of fiduciary duties is also time-barred……………...    11

3.  Plaintiff's claim for unjust enrichment is time-
Barred and dismissible………………………………     12

F.      Plaintiff fails to plead any viable cause of action…….     13

CONCLUSION ………………………………………………………….     16

## TABLE OF AUTHORITIES

**Cases**                                                           **Page**

Allstate Ins. Co. v. Stolarz,
        81 N.Y.2d 19, 223 (1993)……………………………………     5

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,
        493 F.3d 87, 93 (2d Cir. 2007)……………………………………  13,14,15

Bank of Am., N.A. v. NMR Realty Abstract Servs., Ltd.,
        No. 12-CV-797, 2014 WL 3585716, at *5 (E.D.N.Y. Jan. 2, 2014)…     12

Bell Atl. Corp. v. Twombly,
        550 U.S. 544, 555, 126 S. Ct. 2965, 165 L. Ed. 2d 949 (2007)………     14

Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.,
        448 F.3d 573, 587 (2d Cir. 2006)……………………………………     12

Brimo v. Corporate Express, Inc.,
        229 F.3d 1135, 2000 WL 1506083 at *2 (2d Cir. Oct. 6, 2000)…….     10

Brown v. Johnson,
        25 N.Y.3d 364 (2015) 34 N.E.3d 357, 12 N.Y.S.3d 606……………     4,5

Carruthers v. Flaum,
        388 F. Supp. 2d 360, 371 (S.D.N.Y. 2005)……………………………     12,16

Chambers v. Time Warner, Inc.,
        282 F.3d 147, 153 (2d Cir. 2002)……………………………………     3

Classic Laundry & Linen Corp. v. Travelers Cas. Ins. Co. of Am.,
    739 Fed. Appx. 41, 2018
    U.S. App. LEXIS 17333, 2018 WL 3147429………………………… 3

839 Cliffside Ave. LLC v. Deutsche Bank Nat'l Trust Co.,
    2016 U.S. Dist. LEXIS 131411, 17, 2016 WL 5372804……………… 13

Cooney v Osgood Mach.,
    81 NY2d 66, 78 (1993)……………………………………………….. 4,5

Cuccolo v. Lipsky, Goodkin & Co.,
    826 F. Supp. 763, 767 n.3 (S.D.N.Y. 1993)………………………….. 7

Cusimano v. Schnurr,
    137 A.D.3d 527, 27 N.Y.S.3d 135 (First Dept. 2016)………………… 11

David B. Lilly Co. v. Fisher,
    800 F. Supp. 1203, 1206 (D. Del. 1992)……………………………… 6

Dean Witter P'ship Litig.,
    1998 Del. Ch. LEXIS 133, 1998 WL 442456
    at *4 (Del. Ch. July 17, 1998) aff'd, 725 A.2d 441 (Del. 1999)……….. 6

Diesel Props S.r.L. v. Greystone Bus. Credit II LLC,
    631 F.3d 42, 54 (2d Cir. 2011)………………………………………… 12

Dodds v. Cigna Secs., Inc.,
    12 F.3d 346, 352 n. 3 (2d Cir.1993)…………………………………… 10

Don Lia v. Saporito,
    909 F. Supp. 2d 149, 2012 U.S. Dist. LEXIS 162812,
    2012 WL 5467529……………………………………………………… 13

Dura Pharms., Inc. v. Broudo,
    544 U.S. 336, 345, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)………… 14

ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.,
    553 F.3d 187, 196 (2d Cir. 2009)……………………………………… 14

Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc..
    60 F.Supp.3d 489 (S.D.N.Y. 2014)…………………………………….. 10

Grandon v. Merrill Lynch Co.,
    147 F.3d 184, 188 (2d Cir. 1998)……………………………………… 13

Green Tree Servicing LLC v. Christodoulakis,
    136 F. Supp. 3d 415, 424 (E.D.N.Y. 2015)…………………………… 12

HSBC Bank USA, N.A. v. Singh,
    46 Misc.3d 1223(A), at *7, 13 N.Y.S.3d 850 (N.Y. Sup. Ct. 2015)…... 13

In re Gen. Dev. Corp. Bond Litig.,
     800 F. Supp. 1128, 1136 (S.D.N.Y.1992)……………………………..    10

In re Pxre Group, Ltd., Securities Litigation,
     600 F. Supp. 2d 510 (S.D.N.Y. 2009)…………………………………    15

JPMorgan Chase Bank, N.A. v. Ballard,
     213 A.3d 1211, 2019 Del. Ch. LEXIS 254, 2019 WL 3022338……….    7

Kaufman v Cohen,
     307 AD2d 113, 118 (1st Dept 2003)……………………………………    11

Klaxon Co. v. Stentor Elec. Mfg. Co.,
     313 U.S. 487, 496-97, 61 S.Ct. 1020, 1021-22, 85 L.Ed. 1477 (1941)..    4

Klein v. Bower,
     421 F.2d 338, 343 (2d Cir.1970)………………………………………    11

Lawson v. Rubin,
     2018 U.S. Dist. LEXIS 228214, Fn. 3, 2018 WL 7958928……………    6

LC Capital Partners, LP v. Frontier Ins. Group, Inc.,
     318 F.3d 148, 156 (2d Cir. 2003)……………………………………..    9

Lentell v. Merrill Lynch & Co.,
     396 F.3d 161 (2d Cir. 2005)…………………………………………..    4

Maddox v. Collins,
     2015 Del. Super. LEXIS 516 Fn. 1, 2015 WL 5786349……………...    6

Maryland Cas. Co. v. W.R. Grace & Co.,
     218 Case 2:15-cv-04516- F.3d 204, 212 (2d Cir. 2000)………………    12

Matter of Eagle Ins. Co. v Singletary,
     279 AD2d 56, 58-59, 717 NYS2d 351 (2000)………………………..    5

Matter of Frankel v Citicorp Ins. Servs., Inc.,
     80 AD3d 280, 286 (2nd Dept 2010)……………………………………    5

Matter of Integon Ins. Co. v Garcia,
     281 AD2d 480, 481, 721 NYS2d 660 [2001]…………………………    5

Marks v. CDW Computer Centers, Inc.,
     122 F.3d 363, 367 (7th Cir. 1997)…………………………………….    9

Merck & Co. v. Reynolds,
     559 U.S. 633, 130 S. Ct. 1784, 176 L. Ed. 2d 582……………………    10

iv

Merrill Lynch & Co.,
 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003)……………………….. 4

Mills v. Polar Molecular Corp.,
 12 F.3d 1170, 1175 (2d Cir. 1993)…………………………………… 15

Nemec v. Shrader,
 991 A.2d 1120, 1130 (Del. 2009)……………………………………….. 8,16

N.Y. State Elec. & Gas Corp. v. FirstEnergy Corp.,
 766 F.3d 212, 230, 2014 U.S. App. LEXIS 17579,
 79 ERC (BNA) 1041……………………………………………………. 6

Overall v. Estate of Klotz,
 52 F.3d 398, 403 (2d Cir. 1995)……………………………………….. 6

Palisades Collection, LLC v. Unifund CCR Partners,
 2015 Del. Super. LEXIS 568, *28, 2015 WL 6693962……………….. 8

Personis v. Oiler,
 889 F.2d 424, 426 (2d Cir. 1989)……………………………………… 6

Pharms., Inc. v. Broudo,
 544 U.S. 336, 345 (2005)……………………………………………… 16

Pres. at Connetquot Homeowners Ass'n v. Costco Wholesale Corp.,
 2019 U.S. Dist. LEXIS 13302, *12, 2019 WL 337093……………….. 4

Rombach v. Chang,
 355 F.3d 164, 170, 2004 U.S. App. LEXIS 778……………………… 15

SPX Corp. v. Garda USA, Inc.,
 C.A.No. N10C-10-162 WCC, 2012 WL 6841398
 (Del. Super. Dec. 6, 2012)……………………………………………... 7

Staehr v. Hartford Fin. Serv. Group, Inc.,
 547 F.3d 406, 434 (2d Cir. 2008)……………………………………… 10

421-A Tenants Ass'n v. 125 Court St. LLC,
 760 Fed. Appx. 44, 49, 2019 U.S. App. LEXIS 2059………………… 10

Van Dusen v. Barrack,
 376 U.S. 612, 645-46, 84 S.Ct. 805, 823-24, 11 L.Ed.2d 945 (1964)…. 4

Vichi v. Koninklijke Philips Elecs. N.V.,
 62 A.3d 26, 47 (Del. Ch. 2012)……………………………………….. 8

Voiceone Commc'ns, LLC v. Google Inc.,
 No. 12 CIV. 9433(PGG), 2014 WL 10936546
 at *8 (S.D.N.Y. Mar. 31, 2014)……………………………………….. 7

Welsbach Elec. Corp. v MasTec N. Am., Inc.,
     7 NY3d 624, 629 (2006)……………………………………………….    4,5

Western Natural Gas Co. v. Cities Service Gas Co.,
     57 Del. 436, 445 (Del. 1964)………………………………………..    8

Wilson v. Dantas,
     No. 12 Civ. 3238, 2013 WL 92999, at *7 (S.D.N.Y. Jan. 7, 2013)……    12,16

Winner Acceptance Corp. v. Return on Capital Corp.,
     No. 3088-VP, 2008 WL 5352063, at *14 (Del. Ch. Dec. 23, 2008)…..    7,9

# TABLE OF STATUTES

FRCP §12(b)(6)………………………………………………………..    1,13

FRCP §9(b)……………………………………………………………..    1,14,15

Rule 12(b)(6)…………………………………………………………    3,9

10 Del. C. §8106……………………………………………………..    6

CPLR §213(8)………………………………………………………..    9

CPLR §213(2)…………………………………………………………    9

PSLRA, 15 U.S.C. §78u-4(b)...………………………………………..    14

Fed.R.Civ.P. 8…………………………………………………………    14

15 U.S.C. § 78u-4(b)……………………………………………………    14

UNITIED STATES DISTRICT COURT
EASTER DISTRICT OF NEW YORK
---------------------------------------------------------X

LISA GUZZONE,

                         Plaintiff,

   - against -

MICHAEL ZAZZA,

                    Defendant.
---------------------------------------------------------X

**Case No. 1:19-cv-006202-ILG-RER**

**DEFENDANT'S**
**<u>MEMORANDUM OF LAW</u>**

## I.  PRELIMINARY STATEMENT

The Complaint must be dismissed as time-barred or as insufficiently pled if not time-barred. Pursuant to FRCP §12(b)(6), the statutes of limitations have expired because plaintiff's two (2) membership interest purchases occurred in 2010 and 2011, more than six (6) years prior to the filing of the Complaint. Further, plaintiff had ample notice to preclude tolling of any time-period. Therefore, as shown below, under Delaware Law, plaintiff's claims all expired on or before November 8, 2014. Under New York Law, plaintiff's claims all expired on or before November 8, 2018. Assuming that the action is not time-barred, the Complaint must still be dismissed pursuant to FRCP §9(b) because it does not meet the rules of pleading fraud.

## II.  STATEMENT OF FACTS

All of the causes of action arise out plaintiff's two (2) purchases of interests in Eleven Broadway Managing Member LLC (the "LLC"), which is a Delaware Limited Liability Corporation. The purchases occurred in 2010 and 2011, respectively. The Complaint, in four (4) causes of action, maintains that plaintiff's investments and her alleged damages arose from defendant's fraud. *Complaint; Exhibit A*. The First Claim for Relief alleges "Fraud and Fraudulent Inducement." *Complaint ¶¶6 – 107*. The Second Claim for Relief alleges "Unjust Enrichment." *Complaint ¶¶108 – 113.*  The Third Claim for Relief alleges "Breach of Fiduciary

Duties." *Complaint ¶¶114 – 118.* The "Fourth Claim for Relief" alleges "Fraudulent Misrepresentation." *Complaint ¶¶119 – 123.*

Plaintiff's initial purchase occurred "on or about October 1, 2010" for a 2.5% interest in the LLC. *Complaint ¶24 & ¶40.* This initial purchase was made *in conjunction with* the Sale Contract dated September 30, 2010 (the "First Sale Contract" - *Exhibit B*) in which plaintiff acknowledges that she was a "qualified investor."[1] At the same time, also *in conjunction with* the initial purchase, plaintiff entered into the Operating Agreement dated September 30, 2010 (the "Operating Agreement" - *Exhibit C*). Moreover, the Sale Contract references the Operating Agreement[2], which Operating Agreement provides that Delaware Law is controlling, as follows:

> **The Agreement will be governed by and construed in accordance with the Laws of the State of Delaware without regard to its principles and conflict of laws**.[3]

Plaintiff's second purchase occurred approximately one (1) year following the foregoing initial purchase, "on or about November 1, 2011" for an *additional* 2.4% interest in the LLC. *Complaint ¶41.* In conjunction with this, plaintiff's second purchase, plaintiff entered into the Second Sale Contract dated November 8, 2011. *Exhibit D.* The Second Sale Contract contains the same provision regarding plaintiff being a "qualified investor" and that she is "familiar with the terms of the operating agreement." Id. *No. 6.*

Plaintiff further alleges that "[e]ach year, from approximately November 1, 2012 to approximately July 2018, Defendant's representations to Plaintiff, that her investment was secure and that she would be receiving her $450,000 plus substantial profits from the LLC was

---

[1] No. 6 of the Sale Agreement provides: "**The Purchasers each represents that he/she is a qualified investor and that he/she possesses the required financial strength and evaluating expertise to invest in this company. The Purchasers further represents that he/she has received a copy of the operating agreement and is familiar with the terms of the operating agreement.**"
[2] Id.
[3] Section 12.9 (entitled "Governing Law").

knowingly false." *Complaint ¶44*. Plaintiff also alleges that she "never received any IRS K-1 form indicating her profits and/or losses made or incurred by her in the LLC." *Complaint ¶51*.

Plaintiff's funds were all paid to the LLC and *not* to the Defendant Zazza. *Complaint ¶¶40 - 41*. Further, the two (2) Sale Contracts evidence a "waterfall" investment, with defendant (as "seller") being paid *after* plaintiff was paid in the stated priority. *Exhibits B & D; No. 4.("Distribution of Proceeds")*.

### III.  ARGUMENT

### A. Introductory Statement

Under Delaware Law, plaintiff's claims are time-barred and she cannot show unjust enrichment. Alternatively, under New York Law, plaintiff's claims are also time-barred and she cannot show unjust enrichment. Further, under either state law, plaintiff has also insufficiently pled and cannot claim that any period of limitation was sufficiently tolled to "save" her untimely Complaint, having been on notice since 2011; at the latest. Finally, plaintiff has not pled her fraud-related claims with sufficient specificity. Accordingly, the Complaint must be dismissed in its entirety.

### B.  The two (2) Sale Contracts and the Operating Agreement are integral to the Complaint.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002); *Classic Laundry & Linen Corp. v. Travelers Cas. Ins. Co. of Am*., 739 Fed. Appx. 41, 2018 U.S. App. LEXIS 17333, 2018 WL 3147429. The Courts have also held that "in adjudicating a Rule 12(b)(6) motion, it is entitled to consider […] documents

'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference […]" *In re Merrill Lynch & Co*., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), aff'd in part & rev'd in part on other grounds <u>sub</u> <u>nom</u>. *Lentell v. Merrill Lynch & Co*., 396 F.3d 161 (2d Cir. 2005); *Pres. at Connetquot Homeowners Ass'n v. Costco Wholesale Corp*., 2019 U.S. Dist. LEXIS 13302, *12, 2019 WL 337093.

In the case at bar, the two (2) Sale Contracts and the Operating Agreement are all such integral documents showing that plaintiff was a qualified investor, that it was a waterfall investment and that Delaware Law is applicable. *Exhibits B, C & D*.

### C.  The Court should apply Delaware Law.

The Operating Agreement explicitly provides that plaintiff is bound by the Laws of the State of Delaware and, clearly, this provision of the Operating Agreement is controlling. *Exhibit C; Section 12.9*.

The Courts have held that when determining which state's substantive law to apply, a Federal court, in a diversity action, applies the choice of law rules of the forum state. <u>See</u> *Van Dusen v. Barrack*, 376 U.S. 612, 645-46, 84 S.Ct. 805, 823-24, 11 L.Ed.2d 945 (1964); *Klaxon Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496-97, 61 S.Ct. 1020, 1021-22, 85 L.Ed. 1477 (1941). In that regard, the New York Court of Appeals has held that that parties are generally free to reach agreements on whatever terms they prefer, but that courts will not "enforce agreements . . . where the chosen law violates `some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal." *Brown v. Johnson*, 25 N.Y.3d 364 (2015) 34 N.E.3d 357, 12 N.Y.S.3d 606; *Welsbach Elec. Corp. v MasTec N. Am., Inc*., 7 NY3d 624, 629 (2006); *Cooney v Osgood Mach*., 81 NY2d 66, 78 (1993). This public policy exception is reserved "for those foreign laws that are truly obnoxious."

*Cooney*, 81 NY2d at 79; *Welsbach Elec.*, 7 NY3d at 629. The party seeking to invoke the exception bears a "'heavy burden' of proving that application of [the chosen] law would be offensive to a fundamental public policy of this State." *Welsbach Elec. Corp.*, 7 NY3d at 632; *Cooney*, 81 NY2d at 80; *Matter of Frankel v Citicorp Ins. Servs., Inc.*, 80 AD3d 280, 286 (2nd Dept 2010).

In turn, under New York State choice of law principles, the court must first determine whether there is an actual conflict of laws. In the case at bar, there is no actual conflict because the Operating Agreement is neither repugnant nor obnoxious pursuant to *Brown v. Johnson*, supra.

However, *if* a conflicts of law analysis must be done, the first consideration is whether there is any actual conflict between the laws of the competing jurisdictions. In this case, there is a conflict with New York having a longer statute of limitations period (6 years) than Delaware (3 years). However, to resolve the issue, in *Allstate Ins. Co. v. Stolarz*, 81 N.Y.2d 19, 223 (1993), the court held that it considers significant contacts such as the place of contracting, the place of negotiation and performance, the location of the subject matter of the contract, and the domicile or place of business of the contracting parties. *Matter of Integon Ins. Co. v Garcia*, 281 AD2d 480, 481, 721 NYS2d 660 [2001]; *Matter of Eagle Ins. Co. v Singletary*, 279 AD2d 56, 58-59, 717 NYS2d 351 (2000).

In the case at bar, the subject matter was the investment in a Delaware LLC. Accordingly, the plaintiff's action is subject to Delaware Law and is entirely time-barred by the associated, three (3) year statute of limitations.

### D.  Delaware maintains a three (3) year statute of limitations.

### 1. Plaintiff's claims are time-barred.

Covering all four (4) of plaintiff's Claims for Relief, the Delaware statute of limitations is three (3) years and has not been tolled. *10 Del. C. §8106* ("Actions subject to 3-year limitation."); *David B. Lilly Co. v. Fisher*, 800 F. Supp. 1203, 1206 (D. Del. 1992); *Maddox v. Collins*, 2015 Del. Super. LEXIS 516 Fn. 1, 2015 WL 5786349.  This includes plaintiff's fraud and fraud–related claims in the First and Fourth Claims for Relief. Further, case law amplifies that the Third Claim for Relief alleging breach of fiduciary duties (*Complaint ¶¶114 -118*) is three years as well. See, *Dean Witter P'ship Litig*., 1998 Del. Ch. LEXIS 133, 1998 WL 442456, at *4 (Del. Ch. July 17, 1998) aff'd, 725 A.2d 441 (Del. 1999)(It is well-settled under Delaware law that a three-year statute of limitations applies to claims for breach of fiduciary duty.).

Plaintiff's second purchase occurred "on or about November 1, 2011." Her claims all expired three-years from that date; November 1, 2014.

### 2. The limitations of time have not tolled.

Tolling provisions cannot save plaintiff's untimely Complaint. The Courts have held that "[i]t has long been established as a matter of federal law that state statutes of limitations govern the timeliness of state law claims under federal diversity jurisdiction[,] [and that] [s]tate law also determines the related questions of what events serve to commence an action and to toll the statute of limitations in such cases." *Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir. 1989); *Lawson v. Rubin*, 2018 U.S. Dist. LEXIS 228214, Fn. 3, 2018 WL 7958928. In addition, "[b]ecause the statute of limitations is an affirmative defense, the defendant bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued." *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995); *N.Y. State Elec. & Gas Corp. v.*

*FirstEnergy Corp.*, 766 F.3d 212, 230, 2014 U.S. App. LEXIS 17579, 79 ERC (BNA) 1041. "**However, the plaintiff bears the burden of proving that a particular statute of limitation has been tolled**." (emphasis added) *Voiceone Commc'ns, LLC v. Google Inc.*, No. 12 CIV. 9433(PGG), 2014 WL 10936546, at *8 (S.D.N.Y. Mar. 31, 2014)(quoting *Cuccolo v. Lipsky, Goodkin & Co.*, 826 F. Supp. 763, 767 n.3 (S.D.N.Y. 1993)).

Similarly, under Delaware Law, "[w]hen a complaint asserts a cause of action that on its face accrued outside the statute of limitations, however, the plaintiff has the burden of pleading facts leading to a reasonable inference that one of the tolling doctrines adopted by Delaware courts applies." *Winner Acceptance Corp. v. Return on Capital Corp.*, No. 3088-VP, 2008 WL 5352063, at *14 (Del. Ch. Dec. 23, 2008); <u>see</u>, *JPMorgan Chase Bank, N.A. v. Ballard*, 213 A.3d 1211, 2019 Del. Ch. LEXIS 254, 2019 WL 3022338. The Court typically conducts a three-part analysis to determine whether a claim is time barred. *SPX Corp. v. Garda USA, Inc.*, C.A. No. N10C-10-162 WCC, 2012 WL 6841398 (Del. Super. Dec. 6, 2012). From the pleadings, the Court looks to determine: (i) the cause of action's accrual date based on the allegations; (ii) whether the plaintiff has plead facts sufficient to create a reasonable inference that the statute of limitations has been tolled; and (iii) assuming a tolling exception has been pleaded adequately, when the plaintiff was on inquiry notice of a claim based on the allegations. <u>Id</u>.; *Winner*, <u>surpa</u>, 2008 WL 5352063, at *14.  In the case at bar, Defendant Zazza has met his prima facie burden of showing that the entire action is time-barred and, clearly, the plaintiff cannot meet her burden of showing that a particular statute of limitation has been *sufficiently* tolled, if at all.

Thus, plaintiff's "catch-alls" that self-servingly allege "continuing fraud" (*Complaint ¶44 & ¶51*) do not toll the statute of limitations because plaintiff had notice. In fact, <u>plaintiff acknowledged that she was a "qualified investor" and that she was familiar with the Operating</u>

Agreement (*Exhibit C*) in the First Sale Contract (2010) *and* in the Second Sale Contract (2011); stated otherwise, making such acknowledgments and being familiar on two (2) distinct occasions approximately a year apart. *Exhibits B & D; No. 6.*  Moreover, the <u>latest</u> purchase date alleged being "on or about November 1, 2011" (*Complaint ¶41*)*, at the latest* commenced the statute of limitations period for the "fraud," "fraudulent inducement," "breach of fiduciary duties" and "fraudulent misrepresentation" (as pled sequentially within the First, Third and Fourth Claims for Relief), with the Delaware statute of limitations expiring November 1, 2014.

### 3.  The Second Claim for Relief alleging unjust enrichment is time-barred and dismissible.

Plaintiff's Second Claim for Relief alleges unjust enrichment. *Complaint ¶¶108 – 113.* This claim is dismissible as a matter of law because unjust enrichment simply cannot exist in this action, even assuming it arose at some time later than plaintiff's <u>second</u> purchase that occurred "on or about November 1, 2011."

The Delaware Courts have held that a "payment voluntarily made, with full knowledge of the facts cannot be recovered, in the absence of a contract to repay." *Western Natural Gas Co. v. Cities Service Gas Co.*, 57 Del. 436, 445 (Del. 1964); *Palisades Collection, LLC v. Unifund CCR Partners*, 2015 Del. Super. LEXIS 568, *28, 2015 WL 6693962. Unjust enrichment requires "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience. *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 47 (Del. Ch. 2012). **A defendant's simple receipt of money, goods or services is not the same as "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity**. (emphasis added). *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2009).

In the case at bar, there can be no recovery because plaintiff has not adequately pled and cannot establish unjust enrichment because she merely alleges that defendant retained her money *vis a vis* the investments in the LLC. If it did exist, her claim for unjust enrichment is nonetheless time-barred as subject to the three-year statute of limitation. Further, the time period to commence the action at bar in this regard was not tolled pursuant to *Winner Acceptance Corp.,* <u>supra</u> (additional citations omitted). Thus, the Second Claim for Relief alleging unjust enrichment does not exist or is time-barred as is plaintiff's other claims for relief.

In sum, under Delaware Law, the entire Complaint is both time-barred and dismissible. The application of New York Law would provide the same result.

### E.  New York Law maintains a six (6) year statute of limitations.

### 1. The First and Fourth Claims for Relief alleging fraud, fraudulent inducement and fraudulent misrepresentation are time-barred.

Even if New York Law is applied for statute of limitations purposes, all of the claims are still time-barred. The New York Statute of Limitations is six (6) years for allegations arising out of contracts or fraud. *CPLR §213(8); CPLR 213(2)*. Thus, plaintiff's fraud/fraud-related First and Fourth Claims for Relief (*Complaint ¶¶6 – 107; 119 - 123*) were all extinguished on November 1, 2017; being six years from plaintiffs second purchase ("on or about November 1, 2011").

"Discovery" of the fraud does not save plaintiff's claims. In New York, fraud claims must be asserted within the greater of "six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it." *CPLR §213(8)*. The Court "recognize[s] that whether a plaintiff had sufficient facts to place it on inquiry notice is `often inappropriate for resolution on a motion to dismiss under Rule 12(b)(6).'" *LC Capital Partners, LP v. Frontier Ins. Group, Inc*., 318 F.3d 148, 156 (2d Cir. 2003) (quoting *Marks v. CDW Computer Centers, Inc*., 122 F.3d 363, 367 (7th

Cir. 1997)). But **"[w] here, the facts needed for determination ... can be gleaned from the complaint and papers ... that are integral to the complaint, resolution of the issue on a motion to dismiss is appropriate."** (emphasis added) *Dodds v. Cigna Secs., Inc*., 12 F.3d 346, 352 n. 3 (2d Cir.1993); *421-A Tenants Ass'n v. 125 Court St. LLC*, 760 Fed. Appx. 44, 49, 2019 U.S. App. LEXIS 2059; see also *In re Gen. Dev. Corp. Bond Litig*., 800 F. Supp. 1128, 1136 (S.D.N.Y.1992) ("Because the test as to when fraud should with reasonable diligence should have been discovered is an objective one, a court's determination that the information available to a plaintiff in a given instance should (or should not) have given him reason to consider and investigate the probability of fraud is surely warranted in appropriate cases."). Hence the Second Circuit has rejected the "suggestion that the question of constructive notice is an improper subject for resolution as a matter of law" and has noted that there are "a vast number of cases in this circuit resolving these issues at the pleading stage." *Dodds*, 12 F.3d at 352 n. 3. "Once the facts on the face of the complaint and related documents give rise to a duty of inquiry, it is appropriate to require a plaintiff, resisting a motion to dismiss on limitations grounds, at least to allege that inquiry was made." *LC Capital Partners*, 318 F.3d at 156. **But it is also true that one "does not have to have notice of the entire fraud being perpetrated to be on inquiry notice**." *Dodds*, 12 F.3d at 352; see also *Brimo v. Corporate Express, Inc*., 229 F.3d 1135, 2000 WL 1506083 at *2 (2d Cir. Oct. 6, 2000) ("It is not necessary that this information put a plaintiff on notice of the entire wrongdoing."). And where a plaintiff "alleges various frauds," the plaintiff "need not know the details of each fraud in order to be placed on inquiry notice." *Staehr v. Hartford Fin. Serv. Group, Inc*., 547 F.3d 406, 434 (2d Cir. 2008); see also *Merck & Co. v. Reynolds*, 559 U.S. 633, 130 S. Ct. 1784, 176 L. Ed. 2d 582.[4]  Indeed, where a plaintiff's own

---

[4] Following *Merck*, the Second Circuit in *Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc*., held that "we still assume a reasonable plaintiff on inquiry notice would conduct further investigation, but the limitations period begins

affidavit indicates that she was suspicious of activity in connection with a transaction that the plaintiff now contends was fraudulent, **"[i]t is of no moment"** that a plaintiff did not discover until later **"the full enormity"** of the alleged fraudulent scheme. *Klein v. Bower*, 421 F.2d 338, 343 (2d Cir.1970). **Rather, such a plaintiff "had by [her] own admission sufficient knowledge [at that time] to put [her] on notice as to any alleged fraud. Therefore, the statutory period began to run then and did not await appellant's leisurely discovery of the full details of the alleged scheme**." Id.

In the case at bar, plaintiff's catch-all allegations (*Complaint ¶44 & ¶51*) do not save the plaintiff's action. Plaintiff possessed a duty of inquiry when she first purchased her 2.5% interest in the LLC (*on/about October 1, 2010*),  or at least when she purchased the second 2.4% interest in the LLC (*on/about November 1, 2011*), approximately one year later. Plaintiff also had a duty of inquiry when the tax documents were not provided because, as the Court may take judicial notice pursuant to *R. 201*, tax filings are *yearly* endeavors and the alleged "missing documents" would have been known to plaintiff as early as the year of her first investment (2010), but not later than plaintiff's second investment (2011).

Under any scenario, the six-year New York statute of limitations expired on November 1, 2017; over one (1) year prior to the commencement of this action.

**2. Plaintiff's Third Claim for Relief alleging breach of fiduciary duties is also time-barred.**

Plaintiff's Third Claim for Relief alleging breach of fiduciary duties is also untimely. *Complaint ¶¶114 -118.* In *Cusimano v. Schnurr*, 137 A.D.3d 527, 27 N.Y.S.3d 135 (First Dept. 2016), the Court held that a six-year statute of limitations applies to fraud-based breach of fiduciary duty claims. See also, *Kaufman v Cohen*, 307 AD2d 113, 118 (1st Dept 2003)(wherein

---

to run only when, in the course of that investigation, the reasonable plaintiff would have discovered sufficient information to plead a securities-law violation adequately." Id., 873 F.3d 85, 119-120, 2017 U.S. App. LEXIS 18803.

11

if the claims are contract based it is only three years). Thus, plaintiff's breach of fiduciary claims also expired November 1, 2017.

### 3.  Plaintiff's claim for unjust enrichment is time-barred and dismissible.

Plaintiff's allegation of unjust enrichment in her Second Claim for Relief does not "save" her Complaint. *Complaint ¶¶108 -113*. Even if the Court finds that unjust enrichment could exist in this action, under New York Law the claim is still time-barred.

It is well-established that, "[u]nder New York law, '[t]he theory of unjust enrichment lies as a quasi-contract claim.'" *Green Tree Servicing LLC v. Christodoulakis*, 136 F. Supp. 3d 415, 424 (E.D.N.Y. 2015) (quoting *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011)); see also *Maryland Cas. Co. v. W.R. Grace & Co*., 218 Case 2:15-cv-04516- F.3d 204, 212 (2d Cir. 2000) ("The notion of unjust enrichment applies where there is no contract between the parties . . . ."). Therefore, courts in the Second Circuit have held that unjust enrichment claims are precluded "whenever there is a valid and enforceable contract governing a particular subject matter, whether that contract is written, oral, or implied-in-fact." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc*., 448 F.3d 573, 587 (2d Cir. 2006). And "[t]o prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Id.; *Bank of Am., N.A. v. NMR Realty Abstract Servs., Ltd*., No. 12-CV-797, 2014 WL 3585716, at *5 (E.D.N.Y. Jan. 2, 2014) ("The essence of an unjust enrichment claim is that one party has received money or a benefit at the expense of another.") (internal quotation omitted). Moreover, "[t]he services performed must not have merely benefited the enriched party, but must have been performed at its behest." *Wilson v. Dantas*, No. 12 Civ. 3238, 2013 WL 92999, at *7 (S.D.N.Y. Jan. 7, 2013); see also *Carruthers v. Flaum*, 388

F. Supp. 2d 360, 371 (S.D.N.Y. 2005) (dismissing claim for unjust enrichment where the plaintiffs "advanced . . . funds for their own benefit and perhaps the benefit of their business partners"); *839 Cliffside Ave. LLC v. Deutsche Bank Nat'l Trust Co*., 2016 U.S. Dist. LEXIS 131411, 17, 2016 WL 5372804.  In the case at bar, the investment made by plaintiff constituted only an advancement of her funds for her own benefit and for the members of the LLC. As such, there is clearly no claim for unjust enrichment.

Even if the claim were viable, for unjust enrichment the New York applicable statute of limitations is either three (3) *or* six (6) years. See *Don Lia v. Saporito*, 909 F. Supp. 2d 149, 2012 U.S. Dist. LEXIS 162812, 2012 WL 5467529 (holding that an unjust enrichment claim was timely where defendant received a benefit within three years of the date on which the action was commenced); see also *HSBC Bank USA, N.A. v. Singh*, 46 Misc.3d 1223(A), at *7, 13 N.Y.S.3d 850 (N.Y. Sup. Ct. 2015)(applying a six-year statute of limitations)("[Defendant's] acquisition of the property was less than six years prior to the commencement [… and] the equitable causes of action [were therefore] not barred by the statute of limitations.").  In the instant action, the time expired under any theory. Plaintiff alleges that her money paid for her LLC interest purchases in 2010 and in 2011. At the latest, the statute of limitations expired six years from the second purchase; *as of* November 1, 2017.

### F.  Plaintiff fails to plead any viable cause of action.

*If* the Court finds that the Complaint is not time–barred, the case still must be dismissed as insufficiently pled. In a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 93 (2d Cir. 2007); *Grandon v. Merrill Lynch Co*., 147 F.3d 184, 188 (2d Cir. 1998).

13

Nonetheless, "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 126 S. Ct. 2965, 165 L. Ed. 2d 949 (2007). If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Additionally, plaintiff generally alleges securities fraud claims (*Complaint ¶¶33-36*), which are subject to "heightened pleading requirements that plaintiff must meet to survive a motion to dismiss." (emphasis added) *ATSI Commc'ns*, supra, 493 F.3d at 99. These heightened pleading requirements are set forth in Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(b). While the rules of pleading in federal court usually require only "a short and plain statement" of the plaintiff's claim for relief, Fed.R.Civ.P. 8, averments of fraud must be "state[d] with particularity," *Fed.R.Civ.P. 9(b)*. See *ATSI Commc'ns*, supra, 493 F.3d at 99. In the context of securities fraud allegations, the PSLRA has expanded on Rule 9(b)'s pleading requirements. See 15 U.S.C. § 78u-4(b). "The statute insists that securities fraud complaints `specify' each misleading statement; that they set forth the facts `on which [a] belief' that a statement is misleading was `formed'; and that they `state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 345, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoting 15 U.S.C. §§ 78u- 4(b)(1), (2)). "Therefore, `[w]hile we normally draw reasonable inferences in the non-movant's favor on a motion to dismiss,' the PSLRA `establishes a more stringent rule for inferences involving scienter' because the PSLRA requires particular allegations giving rise to a strong inference of scienter." *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co*., 553

F.3d 187, 196 (2d Cir. 2009). Thus, in order to satisfy Rule 9(b), the plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170, 2004 U.S. App. LEXIS 778; *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). "Allegations that are conclusory or unsupported by factual assertions are insufficient." *ATSI Commc'ns*, supra 493 F.3d at 99. See also, *In re Pxre Group, Ltd., Securities Litigation*, 600 F. Supp. 2d 510 (S.D.N.Y. 2009).

Plaintiff's **First and Fourth Claims for Relief,** alleging "Fraud," "Fraudulent Inducement" and "Fraudulent Misrepresentation" (*Complaint ¶¶6 – 107; ¶¶119 – 123*) are clearly insufficiently pled as required by *Rombach, surpa,* and in no way satisfy the heightened pleading requirement for the alleged securities violations (*Complaint ¶¶33-36*) as set forth in *ATSI Commc'ns*, supra. In fact, plaintiff satisfies just one (1) of the four (4) requisite elements to constitute fraud on the part of the defendant in that she identifies Defendant Zazza (the second prong). Plaintiff utterly fails on the other three (3).

The first prong (*re* specificity) is not met because plaintiff merely alleges in repetitive and lengthy, conclusory fashion promises of investment returns made to induce her to invest, but ignoring (indeed failing to mention at all) the two written Sale Contracts and the Operating Agreement. The third prong (*re* location) is not met because plaintiff never sets forth whatsoever where the alleged statements were allegedly made. The fourth prong (*re* explanation) is not met because the plaintiff fails to explain *why* the statements were fraudulent in light of the foregoing two (2) Sale Contacts and the Operating Agreement to the contrary. Accordingly, the First Claim for Relief (alleging Fraud and Fraudulent Inducement) and the Fourth Claim for Relief (allegeding Fraudulent Misrepresentation) must be dismissed.

Being exclusively fraud-based, Plaintiff's **Second Claim for Relief** alleging "Unjust Enrichment" (*Complaint ¶¶108 – 113)* is also insufficiently pled as arising out of the same insufficient allegations of fraud, with merely a change in nomenclature. Further, the mere retention of funds as alleged does not suffice. *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2009; *Wilson v. Dantas*, No. 12 Civ. 3238, 2013 WL 92999, at *7 (S.D.N.Y. Jan. 7, 2013); see also *Carruthers v. Flaum*, 388 F. Supp. 2d 360, 371 (S.D.N.Y. 2005).

Similarly, Plaintiff's **Third Claim for Relief** alleging "Breach of Fiduciary Duties" (*Complaint ¶¶114 – 118)* presents no facts other than the alleged, insufficiently pled fraud and fraud-related claims arising out of securities-related violations. *Pharms., Inc. v. Broudo*, 544 U.S. 336, 345 (2005). It also is dismissible as a matter of law.

## IV. CONCLUSION

Plaintiff's action is time-barred and all of the Claims for Relief are dismissible.

Dated: January 2, 2020                          Respectfully,

 

_____
Andrew Small, Esq. (AS-1294)
Molod, Spitz & DeSantis, P.C.
**Attorneys for Defendant Michael Zazza**
1430 Broadway 21st Floor
New York, NY 10018
Tel. 212.869.3200
Email: asmall@molodspitz.com
File No. SP-4955

To:

Gary Rosen, Esq.
Rosen Law LLC
**Attorneys for Plaintiff**
**Lisa Guzzone**
216 Lakeville Road
Great Neck, NY 11020