UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LISA GUZZONE,    　　　　　　　　　　　　　　DOCKET NO.: 19-CV-6202
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(ILG)(RER)
    Plaintiff,

 - against –

MICHAEL ZAZZA

    Defendant.
------------------------------------------------------------X


# MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS

           Gary Rosen, Esq. (GR-8007)
           Rosen Law LLC
           Attorneys for Plaintiff
           Lisa Guzzone
           216 Lakeville Road,
           Great Neck, New York 11020
           516-437-3400

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. iii

PRELIMINARY STATEMENT.............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ........................................................................................................................... 2

I.      STANDARD OF REVIEW ...................................................................................... 2

II.     STATUTE OF LIMITATIONS HAS NOT EXPIRED UNDER NEW YORK LAW OR DELAWARE LAW ................................................................................... 6

III.    THE FRAUDULENT INDUCEMENT CLAIM FOR RELIEF DOES STATE A VALID CLAIM ............................................................................................................ 9

IV.    EVEN IF THE COURT FINDS THAT THE COMPLAINT IS INSUFFICIENT, PLAINTIFF GUZZONE SHOULD BE GRANTED LEAVE TO REPLEAD ..................... 11

Conclusion ............................................................................................................................. 12

**TABLE OF AUTHORITIES**

**Cases**                                                             Page(s)

In re Amaranth Nat. Gas Commodities Litigation,
730 F.3d 170 (2d Cir. 2013) ……………………………………………………………4

Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009)……………………………………………………………….5

Belfiore v. Procter & Gamble Co.,
94 F. Supp. 3d 440, 446 (E.D.N.Y. 2015)..…………………………………………….3

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 570, 127 S.Ct. 1955, 1965 (2007)……………………………….....3, 5

Brass v. American Film Techs., Inc.,
987 F.2d 142, 150 (2d Cir.1993) …………………………………………………….9

Bridgeport Music Inc. v. UMG Recording, Inc.,
No. 05 Civ. 6430(VM)(JCF), 2008 WL 113672, 6 (S.D.N.Y. Jan. 10, 2008)..………......2

Channel Master Corporation v. Aluminum Limited Sales, Inc.,
4 N.Y.2d 403 (1958)……………………………………………………….……....10

Cortec Industries, Inc. v. Sum Holding, L.P.,
949 F.2d 42 (S.D.N.Y. 1993) ………………………………………………………11

Crossland Savings F.S.B. v. Soi Development Corp,
166 A.O. 2d 49J (1990) …………………………………………………………….10

Davise v. Target Corp.,
2014 WL 2602414 (E.D.N.Y. June 11, 2014) ………………………………………….4

Deerfield Communications Corporation v. Chesebrough-Ponds, Inc.,
68 N.Y.2d 954 (1986) ………………………………………………………….......10

Deronette v. The City of New York,
2007 WL 951925 (E.D.N.Y. 2007) ………………………………………………...11

Devaney v. Chester,
709 F.Supp, 1255,1265 (S.D.N.Y. 1989) ……………………………………………11

DiFolco v. MSNBC Cable L.L.C.,
622 F.3d 104 (2d Cir. 2010) …………………………………………………………3, 4

Eastman Kodak Company v. Camarata,
No. 05 Civ. 6384 (DGL), 2006 WL 3538944, at 2 (W.D.N.Y. Dec. 6, 2006)…………….3

Eller v. Bartron,
2007 Del. Super. LEXIS 359 (Del. Super. Ct. Nov. 27, 2007) …………………………...7

Friedman v. Maspeth Fed. Loan & Sav. Ass'n,
30 F. Supp. 3d 183 (E.D.N.Y. 2014) ……………………………………………………..3

Global Network Communications, Inc. v. City of New York,
458 F.3d 150, 155 (2d Cir. 2006)...……………………………………………………3

Graubard Mallen Dannett & Horowitz v. Moskovitz,
86 N.Y.2d 112, 122 (1995) ……………………….……..............9, 10

Harris v. City of New York,
186 F.3d 243, 247 (2d Cir.1999) ………………………………………………………….4

Harris v. Mills,
572 F.3d 66 (2d Cir. 2009) ………………………………………………………......3

Hayden v. County of Nassau,
180 F.3d 42 (2d Cir. 1999)    ………………………………………………….......4

International Motion Sports Group v. Gordon,
98 Civ. 5611, 1999 WL 619633, at 3 (S.D.N.Y. Aug. 16. 1999) …………………………...6

Juvenile Matters Trial Lawyers Association v. Judicial Department,
363 F. Supp.2d 239, 243 (D. Conn. 2005)……………………………………………...5

London v. Polishook,
189 F.3d 196, 199 (2d Cir. 1999) ……………………………………………………5

Luce v. Edelstein,
802 F.2d 49, 56-7 (2d Cir.  1986)……………………………………………………......11

Mangiafico v. Blumenthal,
471 F.3d 391 (2d Cir. 2006) ……………………………………………………….4

Miller v. Holtzbrinck Publishers, LLC,
2009 WL 528620 (S.D.N.Y. Mar. 3, 2009) …………………………………………..10

Mills v. Polar Molecular Corp.,
12 F.3d 1170, 1174 (2d Cir.1993) …………………………………………………….11

N.Y. State Catholic Health Plan, Inc. v. Academy O&P Associates,
2015 U.S. Dist. LEXIS 169526 (E.D.N.Y. Dec. 18, 2015)……………………………….3, 4

Oxford Asset Management, Ltd. v. Jaharis,
297 F.3d 1182, 1188 (11th Cir. 2002) ……………………………………………….4, 5

Raila v. United States,
355 F.3d 118, 119 (2d Cir. 2004) ……………………………………………………5

Roth v. Jennings,
489 F.3d 499,510 (2d Cir. 2007)………………………………………………………..2

Sabo v. Delman,
3 N.Y.2d 155 (1957) ……………………………………………………………….10

Shields v. Citytrust Bancorp. Inc.,
25 F.3d 1124, 1128 (2d Cir. 1994) …………………………………………………10

Simon-Whelan v. Andy Warhol Foundation/or the Visual Arts, Inc.,
No. 07 Civ. 6423 (LTS), 2009 WL 1457177, at 4 (S.D.N.Y. May 26, 2009) ……………6

Slayton v. Am. Express Co.,
460 F.3d 215, 230 (2d Cir.2006) ...……………………………………………………11

Smith v. City of New York,
2015 WL 4008642 (E.D.N.Y. June 30, 2015) ………………………………………...3

Smith v. Local 819 I.B.T. Pension Plan,
291 F.3d 236, 240 (2d Cir. 2002) …………………………………………………….4

Smith v Mattia,
2010 Del. Ch. LEXIS 14, at 1 (Ch Feb. 1, 2010, No. 4498-VCN)……………………..7, 8

Sobek v. Quatttrochi,
2004 WL 2809989 (S.D.N.Y. 2004) ………………………………………………….11

Soft Classics SA. DE C.V. v. Hurowitz,
444 F.Supp.2d 231, 244 (S.D.N.Y. 2006)………………………………………………...9

**Statutes**

Fed. R. Civ. Pro. 15(a)(2) ........................................................................................ 11

Del. Code Ann. tit. 10, § 8106 ................................................................................ 7

N.Y. CPLR § 213(8) ................................................................................................ 7

Plaintiff Lisa Guzzone, respectfully submits this memorandum of law in opposition to Defendant's motion to dismiss pursuant to Fed.R.Civ.Pro. §12(b)(6) and Fed.R.Civ.Pro. §9(b).

## PRELIMINARY STATEMENT

Plaintiff commenced this action against Defendant Michael Zazza for (i) Fraud and Fraudulent Inducement (the first claim for relief); (ii) Unjust enrichment (the second claim for relief); (iii) Breach of fiduciary duties (the third claim for relief); and (iv) Fraudulent Misrepresentation (the fourth claim for relief).

Defendant's argument is that statute of limitations ran from the time that Plaintiff entered into a contract and purchased membership interests in Eleven Broadway Managing Member LLC, a Delaware limited liability company (hereafter referred to as the "LLC").

It is respectfully submitted that for the four claims for relief, i) the statute of limitations did not run until Plaintiff had knowledge that she invested $500,000 in the LLC, ii)that there was no possibility that the $500,000 was not going to be returned to her, and iii) when Plaintiff did make inquiries, Defendant kept assuring the Plaintiff that her investment was safe and would be returned. Plaintiff Guzzone did not uncover this Fraud nor could she have until at least July 26, 2018 - thus the Statute of limitations has not yet run.

Under Delaware law, statute of limitations expires on July 26, 2020 and under New York law, the statute of limitations expires on July 26, 2024.

Additionally, Defendant's second reason for seeking dismissal is his erroneous claim that the complaint fails to comply with Fed.R.Civ.Pro. §9(b). It is respectfully

submitted that the complaint states with particularity the circumstances constituting the fraud of Defendant Michael Zazza. In the event that the court believes that further amplification of the frauds is required, then Plaintiff respectfully requests permission to file a first amended complaint. There have been no amended complaints filed in this action.

## STATEMENT OF FACTS

Plaintiff respectfully refers to the Declaration of Plaintiff Lisa Guzzone for the facts. It is respectfully submitted that (i) Fraud and Fraudulent Inducement (the first claim for relief); (ii) Unjust enrichment (the second claim for relief); (iii) Breach of fiduciary duties (the third claim for relief); and (iv) Fraudulent Misrepresentation (the fourth claim for relief) are stated and set forth in the complaint.

## ARGUMENT
## POINT I
## STANDARD OF REVIEW

On a motion to dismiss the Court must accept all facts alleged by a plaintiff as true, draw all reasonable inferences therefrom, construe the facts in the light most favorable to the nonmoving party, and refrain from assessing the weight of the evidence that might be offered in support of the complaint. Roth v. Jennings, 489 F.3d 499,510 (2d Cir. 2007). Once a claim has been properly pleaded, it may be supported by showing facts consistent with the allegations in the complaint as the pleader "need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.*

On a motion to dismiss the pleading, only the sufficiency of the pleading, not the merits of the lawsuit, is under scrutiny. Bridgeport Music Inc. v. UMG Recording, Inc., No. 05 Civ. 6430(VM)(JCF), 2008 WL 113672, 6 (S.D.N.Y. Jan. 10, 2008). "[I]t is well

2

to remember what issues are raised by filing a motion to dismiss, especially at the early stage of litigation. This Motion is addressed only to the sufficiency of the pleading. It is not a vehicle to mine the merits of the case, including the strength of plaintiffs claims ... [t]he test now is whether there is any set of facts that could, if proven, support plaintiff's claim or claims ." Eastman Kodak Company v. Camarata, No. 05 Civ. 6384 (DGL), 2006 WL 3538944, at 2 (W.D.N.Y. Dec. 6, 2006); Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006) (the purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiffs statement of claim for relief *without* resolving any contest regarding the substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor." N.Y. State Catholic Health Plan, supra; Friedman v. Maspeth Fed. Loan & Sav. Ass'n, 30 F. Supp. 3d 183, 188-89 (E.D.N.Y. 2014); Belfiore v. Procter & Gamble Co., 94 F. Supp. 3d 440, 446 (E.D.N.Y. 2015); Smith v. City of New York, No. 14-CV-4982, 2015 WL 4008642, at 2 (E.D.N.Y. June 30, 2015).

"[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." N.Y. State Catholic Health Plan, supra. citing Bell Atl. Corp., supra. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). It is the "legal feasibility of the complaint," and not the weight

3

of the evidence, that must be assessed. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 113 (2d Cir. 2010); Smith v. City of New York, supra.

Whether a complaint states a plausible claim to relief "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." N.Y. State Catholic Health Plan, supra. citing In re Amaranth Nat. Gas Commodities Litig., 730 F.3d 170, 180 (2d Cir. 2013); *see also* Davise v. Target Corp., 2014 WL 2602414 (E.D.N.Y. June 11, 2014).

In considering a motion pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. N.Y. State Catholic Health Plan, supra citing DiFolco, supra; Hayden v. Cty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999). Where a document is not incorporated by reference, the court may consider it where the complaint "relies heavily upon its terms and effect," thereby rendering the document "integral" to the complaint. Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); DiFolco, supra.

A court should dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir.1999). While courts must accept all precisely worded factual allegations as true, legal conclusions or unsupported inferences or assumptions in a complaint need not be accepted in the context of deciding a Rule 12 motion. See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will

4

not suffice to prevent a motion to dismiss"); Oxford Asset Management, Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").

When considering a motion to dismiss under Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in the favor of the plaintiff. Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004). However, "[i]t is the affirmative burden of the party invoking [federal subject matter] jurisdiction . . . to proffer the necessary factual predicate – not just an allegation in a complaint – to support jurisdiction." Juvenile Matters Trial Lawyers Ass'n v. Judicial Department, 363 F. Supp.2d 239, 243 (D. Conn. 2005) (quoting London v. Polishook, 189 F.3d 196, 199 (2d Cir. 1999).

As *set* forth in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007), Rule 8 requires simple notice pleading. Twombly, 127 S.Ct. at 1964 (a complaint does not need detailed factual allegations). Twombly neither modifies nor alters the notice pleading requirement in Rule 8. Rather Twombly establishes a plausibility standard to evaluate the sufficiency of a pleading's allegations. Now, in order to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (2009) (a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged) ; Twombly at 1966 ("the need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2)

5

that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief'").

Rule 9(b) "requires that in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Simon-Whelan v. Andy Warhol Foundation/or the Visual Arts, Inc., No. 07 Civ. 6423 (LTS), 2009 WL 1457177, at 4 (S.D.N.Y. May 26, 2009) (particularity requires the plaintiff to (1) specify the statements that were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent); International Motion Sports Group v. Gordon, 98 Civ. 5611, 1999 WL 619633, at 3 (S.D.N.Y. Aug. 16. 1999) (Rule 9(b) does not require a plaintiff to plead dates, times and places with absolute precision, so long as the complaint gives fair and reasonable notice to defendants of the claim and the grounds upon which it is based).

Applying this liberal pleading standard, it is clear that the Complaint sets forth viable claims which preclude dismissal and that the facts, as alleged, satisfy the heightened Rule 9 pleading standard for fraud.

## POINT II
## STATUTE OF LIMITATIONS HAS NOT EXPIRED UNDER NEW YORK LAW OR DELAWARE LAW.

New York law applies because this is an action for (i) Fraud and Fraudulent Inducement (the first claim for relief); (ii) Unjust enrichment (the second claim for relief); (iii) Breach of fiduciary duties (the third claim for relief); and (iv) Fraudulent Misrepresentation (the fourth claim for relief). This is not an action against the LLC in which Plaintiff is a member of. While the LLC is a Delaware limited liability company, Defendant Michael Zazza is an individual and Delaware law does not apply to this action.

6

The allegations in this case state in part that on or about July 26, 2018, Plaintiff discovered the extent and the breath of the fraud committed by Defendant. Pursuant to NYS CPLR § 213(8): "an action based upon fraud; the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued <u>or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud</u>, or could with reasonable diligence have discovered it." (emphasis supplied) As such, Plaintiff's commencement of the above-noted matter within two years of her discovery of the fraud makes this matter timely under New York law.

Likewise, even if Delaware law applied, under Delaware law, the statute of limitations did not begin to run until Plaintiff suffered her injury. The injury that Plaintiff suffered was "unknowable" until the earliest of July 26, 2018, as set forth in the complaint and in the Declaration of Plaintiff Lisa Guzzone. "Sellers' claims against a listing agent and realty for breach of contract, breach of fiduciary duties, and fraud were not barred under the applicable 3-year statute of limitations in 10 Del. C. § 8106, because the court could not say as a matter of law when the sellers' suffered their injury (i.e., when a contract for sale was signed or later); additionally, the listing agent's conduct, if it were found to be fraudulent, may have made the injury unknowable for several months or delayed the running of the statute of limitations. <u>Eller v. Bartron</u>, 2007 Del. Super. LEXIS 359 (Del. Super. Ct. Nov. 27, 2007). (Del. Code Ann. tit. 10, § 8106 (Lexis Advance through 82 Del. Laws, ch. 220)).

Under Delaware Law, "There are several circumstances in which the running of the statute of limitations can be tolled. These exceptions include: 1) fraudulent concealment; 2) inherently unknowable injury; and 3) equitable tolling. Each exception

7

rests on the premise that the statute of limitations should be tolled where the facts underlying a claim were so hidden that they could not have been discovered by a reasonable plaintiff. Indeed, if one of these exceptions applies, the statute will only begin to run upon the discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of the injury. Smith v Mattia, 2010 Del. Ch. LEXIS 14, at 1 (Ch Feb. 1, 2010, No. 4498-VCN).

In this case, it is clear that Plaintiff Lisa Guzzone was always, and still is a member of "Eleven Broadway Managing Member LLC". Plaintiff Lisa Guzzone had no reason to believe that she was not going to receive a return of her investment and profits. Only in July 2018, did Plaintiff Lisa Guzzone learn that Defendant Michael Zazza committed frauds upon Plaintiff Lisa Guzzone when she learned from Goldman Sachs (See Exhibit "1" to Declaration of Plaintiff Lisa Guzzone) that "As a reminder, GS 11 Broadway Member LLC and Eleven Broadway Managing Member LLC have an ownership interest in ZAGS Broadway LLC. ZAGS Broadway LLC has an indirect interest in approximately $15mm of subordinate debt to the project, which is subordinate to approximately $25mm of other debt, and matures in 2051".

When Plaintiff Lisa Guzzone invested with Defendant Michael Zazza, Defendant Michael Zazza provided an operating agreement to Plaintiff Lisa Guzzone which stated that "The operating agreement for the LLC stated that "The purpose and character of the business of the Company shall be to serve as a managing member of ZAGS Broadway, LLC, a Delaware limited liability company ("ZAGS"), and a single purpose entity that will acquire, own, lease, sublease, operate, manage, improve, finance and sell the real

8

property (or any portion thereof that is improved) at 11 Broadway, Brooklyn, New York…)", was a complete fraud and sham by Defendant Michael Zazza. Defendant knew that ZAGS Broadway, LLC, would not acquire, own, lease, sublease, operate, manage, improve, finance and/or sell the real property at 11 Broadway, Brooklyn, New York, because unbeknownst to me, ZAGS Broadway, LLC SOLD the real property at 11 Broadway, Brooklyn, New York on November 16, 2007, nearly 3 year prior to Defendant asking me to invest in the LLC (Eleven Broadway Managing Member LLC) to 11 Broadway Owner LLC by deed recorded in the Office of the New York City Register on December 18, 2007 in CRFN # 2007000617515. (See Paragraph "28" of the Declaration of Plaintiff Lisa Guzzone). The improper conduct by Defendant Michael Zazza was not known to Plaintiff Lisa Guzzone until at the earliest, July 2018.

**POINT III**
**THE FRAUDULENT INDUCEMENT CLAIM**
**FOR RELIEF DOES STATE A VALID CLAIM**

New York recognizes a duty by a party to a business transaction to disclose material facts in certain circumstances including; i) where the party has made a partial or ambiguous statement; ii) when the parties stand in a fiduciary or confidential relationship with each other; and iii) where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge. Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir.1993). Soft Classics SA. DE C.V. v. Hurowitz, 444 F.Supp.2d 231, 244 (S.D.N.Y. 2006). To plead a viable claim of fraud, a plaintiff must allege a misrepresentation of material fact, knowingly false when made, which the plaintiff relied on to her injury. Graubard Mallen Dannett & Horowitz v. Moskovitz, 86 N.Y.2d 112, 122 (1995). Plaintiff Lisa Guzzone

9

has pled this andthe misrepresentations alleged are sufficiently definite because their nature is such that it is eminently plausible that Guzzone could reasonably have relied on them to her detriment. The misrepresentations are not, as Defendant suggests (S.Br. 21), "mere expression of opinions of present or future expectations." Crossland Savings F.S.B. v. Soi Development Corp, 166 A.O. 2d 49J (1990). Indeed, the representations pled here are every bit as definite and compelling as the misrepresentations held sufficient to support a viable fraud claim in such cases as Graubard Mallen Dannett & Horowitz v. Moskovitz, supra, Sabo v. Delman, 3 N.Y.2d 155 (1957); Channel Master Corporation v. Aluminum Limited Sales, Inc., 4 N.Y.2d 403 (1958); and Deerfield Communications Corporation v. Cheesebrough-Ponds, Inc., 68 N.Y.2d 954 (1986).

In this case, it is respectfully submitted that the Complaint satisfies Rule 9(b)'s requirement that the plaintiff: "(1) specify the statements that plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Miller v. Holtzbrinck Publishers, LLC, 2009 WL 528620 (S.D.N.Y. March 3, 2009) at 3. Defendant Zazza futher argues that the Complaint fails to satisfy 9(b) because the Complaint purportedly fails to "allege facts that give rise to a strong inference of fraudulent intent" (S.Br. 22), This argument is meritless in light of the Complaint's greatly detailed recounting of how Defendant Zazza led Plaintiff Guzzone onand took advantage of her for many years without her knowledge. As the Second Circuit stated in Shields v. Citytrust Bancorp. Inc., 25 F.3d 1124, 1128 (2d Cir. 1994): The requisite "strong inference" of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to

10

commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.

It is respectfully submitted that the Complaint sufficiently apprises the Defendant of the four claims for relief against him, and that the statute of limitations do not bar the claims against Defendant.

## POINT IV
### EVEN IF THE COURT FINDS THAT THE COMPLAINT IS INSUFFICIENT, PLAINTIFF GUZZONE SHOULD BE GRANTED LEAVE TO REPLEAD

If the Court determines that the Complaint as currently drafted should be dismissed because it lacks more particularized or definitive allegations, that dismissal should not be "with prejudice". Rather, Plaintiff Guzzone should be granted leave to replead. It is axiomatic in this Circuit that even if the pleadings are deemed insufficient, "[l]eave to replead is to be liberally granted." Slayton v. Am. Express Co., 460 F.3d 215, 230 (2d Cir.2006); *see also,* Luce v. Edelstein, 802 F.2d 49, 56-7 (2d Cir. 1986); Devaney v. Chester, 709 F.Supp. 1255,1265 (S.D.N.Y. 1989); Fed. R. Civ. P. § 15(a) (leave to replead is "freely given when justice so requires"); *see. e.g.,* Cortec Industries, Inc. v. Sum Holding, L.P., 949 F.2d 42 (S.D.N.Y. 1993). Leave to replead should be denied only if repleading would be futile. Sobek v. Quatttrochi, 2004 WL 2809989 (S.D.N.Y. 2004). In assessing futility, the 12(b)(6) standard is applied; all well pleaded allegations are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir.1993). If Plaintiff may be able to allege facts that would entitle him to relief, leave to replead should be granted. Deronette v. The City of New York, 2007 WL 951925 (E.D.N.Y. 2007).

Here, repleading would not be futile. To the contrary, Plaintiff Guzzone can plead

11

the contract with greater clarity, identifying precisely - - to the extent he has not already done so - - Defendant Zazza's offer, her acceptance, mutual assent, and bargained for consideration. Moreover, to the extent necessary, Plaintiff Guzzone can detail with greater specificity Defendant's misrepresentations, the special relationship that Defendant Zazza had with him and the special damages he suffered as a result of Defendant Zazza's fraud.

## CONCLUSION

For the foregoing reasons, Plaintiff Lisa Guzzone respectfully requests an order (1) Denying Defendant's motion to dismiss, (2) in the alternative granting Plaintiff leave to file an amended complaint; and (3) awarding such other relief as may be just, proper and equitable.

Dated: February 9, 2020
       Great Neck, New York

_____
Gary Rosen, Esq. (GR-8007)
Rosen Law LLC
Attorneys for Plaintiff
Lisa Guzzone
216 Lakeville Road
Great Neck, New York 11020
516-437-3400