UNITIED STATES DISTRICT COURT
EASTER DISTRICT OF NEW YORK
-----------------------------------------------------------X

LISA GUZZONE,

                       Plaintiff,

  - against -

MICHAEL ZAZZA,

                       Defendant.
-----------------------------------------------------------X

Case No. 1:19-cv-006202-ILG-RER

**DEFENDANT'S REPLY**

## I. PRELIMINARY REPLY STATEMENT

Plaintiff's Opposition cannot defeat the Defendant's Motion to Dismiss, pursuant to FRCP §12(b)(6) and FRCP §9(b), because, *inter alia*, Plaintiff relies solely upon her proffer referencing publicly available documents, lack of a K-1 *ab initio*, and feigned naivety because she is a qualified investor. Therefore, under both Delaware Law and New York Law, the Plaintiff cannot meet her burden in overcoming the expiration of the statutes of limitation that operate to bar her action and, further, that she cannot be granted leave to re-plead because *no* theory can be successful.

## II. PLAINTIFF'S OPPOSITION FAILS BECAUSE IT IS BASED UPON PUBLIC DOCUMENTS THAT PRECEDED PLAINTIFF'S (2) TWO SHARE PURCHASES, AND BECAUSE PLAINTIFF HAS NOT SHOWN EVEN MINIMAL DILIGENCE.

Significantly, plaintiff made two (2) distinct "LLC interest purchases" a year apart, dated "October 1, 2010" and "on or about November 1, 2011" (*Complaint ¶¶ 24, 40 & 41*). Yet, her opposition is based upon exhibited publicly available land records recorded circa *2007*. See, *Plaintiff's Exhibit 3 (Doc. No. 14-3)*. Thus, their existence and public availability preceded *both* of the purchases by approximately three (3) and four (4) years, respectively. And in the purchase agreements, plaintiff stated that she was a "qualified investor" on both occasions, possessing the "**required financial strength and evaluating expertise to invest** […]." (emphasis added) See, *Defense Exhibits B par. 6 & D, par. 6*.  As the Court can see, under any theory proffered by the Plaintiff, case law shows that there was no tolling under either Delaware Law or New York Law, and that Plaintiff is forever time-barred. Plaintiff also cannot successfully re-plead her action because there is no plausible theory upon which she can proceed.

1

## III.  THE OPPOSITION FAILS UNDER DELAWARE LAW.

### A.  IGNORANCE IS NOT A DEFENSE.

Delaware Law was the choice of law under Plaintiff's Purchase Agreements. Since Delaware's statute of limitations is three (3) years for all of Plaintiff's claims, her action is definitively time-barred. Moreover, Delaware Law is clear that "**a cause of action 'accrues' under Section 8106[1] at the time of the wrongful act, even if the plaintiff is ignorant of that cause of action**." *Wal Mart Stores Inc v. AIG Life Insurance Company LLC*, 860 A.2d 312 (Del. 2004). *SmithKline Beecham Pharms. Co. v. Merck & Co.*, 766 A.2d 442, 450 (Del.2000); *Isaacson, Stolper & Co. v. Artisan's Savings Bank*, 330 A.2d 130, 132 (Del.1974). Thus, Plaintiff's *de facto* claim of naivety in her opposition does not save any portion of her action or any associated claim that might seek to re-plead.

### B.  THE DISCOVERY RULE DOES NOT APPLY.

Under Delaware's "discovery rule" the Plaintiff's action is still untimely. The statute of limitations is tolled only where the injury is "**inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of**." (emphasis added) *Coleman v. PricewaterhouseCoopers*, LLC, 854 A.2d 838, 842-43 (Del. 2004). Where there is such inherent unknowingness and blameless ignorance of *both* the wrongful act and of the injury, the statute will begin to run only "upon the discovery of facts 'constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery' of such facts." *Coleman*, 854 A.2d at 842.

In the case at bar, the discovery rule is not available. Plaintiff's reliance on public documents (i.e., land records) that pre-date both of her purchases and her standing as a "qualified investor" (*Defense Exhibits B par. 6 & D, par. 6*) means that there was nothing "inherently unknowable" and that she is not "blamelessly ignorant." Thus, there cannot be any tolling, let alone sufficient to circumvent the Delaware

---

[1] 10 Del. C. § 8016; *Fike v. Ruger*, 754 A.2d 254, 260 (Del.Ch.1999), aff'd 752 A.2d 112 (Del.2000); Merck v. SmithKline Beecham Pharms. Co., C.A. No. 15443-NC, 1999 WL 669354 at *42 (Del.Ch. Aug. 5, 1999), aff'd, 766 A.2d 442 (Del.2000).

statute of limitations. Plaintiff's Complaint and her claims, both actual and potential, are untimely, and should be dismissed without leave to re-plead.

### C. PLAINTIFF HAS NOT MET HER BURDEN OF PROOF.

Delaware Law also requires that where, as here, a complaint asserts a cause of action that on its face accrued outside the statute of limitations, the plaintiff bears the burden of showing *why* the statute of limitations should be tolled. See, e.g., *Acierno v. New Castle City*, 2006 WL 1668370 at *3 Del. Ch. 2006). In the case at bar, Plaintiff Guzzone has not proffered any cognizable rationale sufficiently showing why she failed to bring her action in a timely fashion, particularly given the existence of the 2007 public records and in claiming failure to initially receive a K-1. Furthermore, Plaintiff Guzzone has not presented and cannot present any authority to supporting the rationale (the "why") for her position. Clearly, Plaintiff was on notice for all purposes relevant to the statute of limitations, and her asserted naivety utterly fails to save her action and any associated claims from being forever time-barred under Delaware Law.

Plaintiff similarly fails under New York Law, should the Court find it to be applicable.

### IV. THE OPPOSITION FAILS UNDER NEW YORK LAW.

### A.  SIX YEARS STILL DOES NOT SAVE THE PLAINTIFF'S ACTION.

Using New York Law, *in lieu of* applicable Delaware Law as the choice set forth in the subject Purchase Agreements (*Defense Exhibits B &D),* Plaintiff's action is still time-barred. Although New York's statute of limitations is up to six (6) years, as set forth below, the Plaintiff still cannot show that she filed her lawsuit in a timely manner, even if she was granted leave to re-plead, which she should not.

### B.  PLAINTIFF TWICE ADMITTED SHE IS A QUALIFIED INVESTOR.

In the Purchase Agreements, on two (2) occasions separated by a year's time, Plaintiff Guzzone stated that she was a "**qualified investor**" possessing the "**required financial strength and evaluating expertise to invest** […]." See, *Defense Exhibits B par. 6 & D, par. 6*.  Now, Plaintiff claims naivety.

In a dismissal motion, the Second Circuit has held that the Court may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by

3

reference, legally required public disclosure documents filed with the SEC, **and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit**. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Advanced Battery Techs., Inc. v. Bagell*, 781 F.3d 638, 644 (2nd Cir. 2015). The Second Circuit has also held that "**[t]o survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient "to raise a right to relief above the speculative level**." (emphasis added) *ATSI Communications, Inc. v. Shaar Fund Ltd*., 439 F.3d 87, 98 (2nd Cir. 2007)[involving alleged fraud and market manipulation] citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 550 U.S. 544 (2007). Once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 1969. However, in *Ganino v. Citizens Utils. Co*., 228 F.3d 154 (2d Cir. 2000), a private securities fraud action, the Second Circuit has held that "in determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences." (emphasis added). Id.,161; *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 127 S.Ct. 2499, 2510, 551 U.S. 308, 168 L.Ed.2d 179 (2007). For an inference of scienter to be strong, "a reasonable person [must] deem [it] cogent and at least as compelling as any opposing inference one could draw from the facts alleged." (emphasis added). *Ganino supra*, 161.[2]

The Court has also held that reliance is unreasonable if, "through minimal diligence, the investor should have discovered the truth in a situation where related documents were readily available" (emphasis added) *Starr v. Georgeson S'holder, Inc*., 412 F.3d 103, 109 (2d Cir. 2005) (internal quotation marks omitted). It has also been long held that reliance is also unreasonable where a sophisticated investor failed to take reasonable steps to access critical information. See, e.g., *Schlaifer Nance & Co. v. Estate of Warhol*,

---

[2] In *Ganino v. Citizens Utils. Co*., 228 F.3d 154, 161 (2d Cir. 2000), the Court has held that, *in addition to* the pleading requirements of Rule 9(b), "private securities fraud actions must also meet the PSLRA's pleading requirements or face dismissal. See 15 U.S.C. § 78u-4(b)(3)(A). In pleading scienter in an action for money damages requiring proof of a particular state of mind, "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."[3] Id. § 78u-4(b)(2). The plaintiff may satisfy this requirement by alleging facts (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness. *Ganino*, 228 F.3d at 168-69.

4

119 F.3d 91, 98-99 (2d Cir. 1997). Further, reasonable reliance is an element of common law fraud under New York law, and it is assessed in the same manner as under federal securities law." *Ashland Inc. v. Morgan Stanley & Co., Inc.*, 652 F.3d 333, 339 (2nd Cir. 2011); see also *Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234-35 (2d Cir. 2006).

In the case at bar, Plaintiff possessed stated expertise upon her first investment in 2010 *and* upon her second investment in 2011. Plaintiff also fails to show minimal diligence in light of her purported (late) reliance on antecedent land records and alleged untimely K-1s. Therefore, if the Court uses New York Law as opposed to Delaware, in referencing public land records and the alleged initial K-1 omissions, Plaintiff's opposition operates to show further that her Complaint is time-barred. Plaintiff's tolling theories are simply insufficient as impermissible speculation. *TSI Communications, Inc.*, supra. The opposing inferences are also too strong; that Plaintiff Guzzone is disgruntled in bringing suit past the statute of limitations because her purchases have not yet yielded returns in the waterfall investments. See, *Ganino* supra, 161 Plaintiff presents no favorable inference to this Court and should not seek this Court's sympathies.

Applying New York Law provides the same result as the application of Delaware Law, that Plaintiff's lawsuit is forever time-barred. The Motion to Dismiss should be granted and the action dismissed without leave to re-plead.

## V. CONCLUSION

Plaintiff's Opposition is insufficient to defeat the Motion. Under both Delaware Law and New York Law, Plaintiff's action and the associated claims are time-barred, and Plaintiff would be unable to timely re-plead any cognizable claim under any theory.

**WHEREFORE**, Defendant, MICHAEL ZAZZA, respectfully requests an Order granting Defendant's Motion to Dismiss in the entirety, together with such other relief as this Court deems just and proper.

Dated: March 2, 2020

                                              Respectfully,

                                              _____
                                              Andrew Small, Esq. (AS-1294)
                                              Molod, Spitz & DeSantis, P.C.
                                              **Attorneys for Defendant Michael Zazza**
                                              1430 Broadway 21st Floor
                                              New York, NY 10018
                                              Tel. 212.869.3200
                                              Email: asmall@molodspitz.com
                                              File No. SP-4955

To:

Gary Rosen, Esq.
Rosen Law LLC
**Attorneys for Plaintiff**
**Lisa Guzzone**
216 Lakeville Road
Great Neck, NY 11020

6