UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
LISA GUZZONE,

                              Plaintiff,                MEMORANDUM AND ORDER

      - against -                                 19-CV-6202 (ILG) (RER)

MICHAEL ZAZZA,

                             Defendant.
---------------------------------------------------------x
GLASSER, Senior United States District Judge:

      Plaintiff Lisa Guzzone brings this action against her nephew Michael Zazza alleging fraud and fraudulent inducement, unjust enrichment, breach of fiduciary duties, and fraudulent misrepresentation. Guzzone asserts that Zazza made fraudulent representations to her in order to induce an investment in a Delaware limited liability company ("LLC") of which Zazza purported to be the sole owner. She claims that she has received no monies in return for her investment, and that Zazza was in actuality perpetrating a Ponzi scheme in which he was soliciting monies from others, never intending to return the investment earnings to them. Pending before the Court is Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Plaintiff's claims are time-barred and that she fails to plead fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendant's motion to dismiss is DENIED.

## BACKGROUND

      Except where otherwise noted, the following facts are taken from Plaintiff's complaint, Dkt. No. 1. (the "Complaint"), and are accepted as true for purposes of deciding Defendant's motion. On or about September 30, 2010, Defendant solicited Plaintiff to invest $250,000 in exchange for 2.5 percent of the membership interests in Eleven Broadway Managing Member

LLC, a Delaware-based LLC of which Defendant purported to be the sole owner. The parties signed a sale contract and operating agreement on that date. See Def.'s Exs. B-C. Defendant told Plaintiff that the purpose of the LLC was to develop a fifteen-story building on the property located at 11 Broadway in Brooklyn, New York (the "Project"). As part of his solicitation, he made numerous knowingly false representations regarding the LLC's ownership of 11 Broadway, the state of construction at the property, and the return on investment that Plaintiff would receive.

On November 1, 2011, Defendant solicited and obtained another $200,000 from Plaintiff in exchange for another 2.4 percent of the membership interests in the LLC. The parties signed a second sale contract on November 8, 2011. See Def.'s Ex. D. Each year, from approximately November 2011 to approximately July 2018, Defendant falsely represented to Plaintiff that her investment was secure and that she would be receiving her $450,000 plus substantial profits from the LLC. On or about July 26, 2018, Plaintiff received a letter from Goldman Sachs from which she learned that Defendant had made numerous false representations regarding the LLC's ownership and interest in the Project and that any interest owned by the LLC would be subordinate to approximately $25,000,000 of other debt which would not mature until 2051. Defendant had not previously disclosed this information to Plaintiff who alleges that Defendant appropriated her investment for himself. Plaintiff filed this lawsuit on November 4, 2019.

## LEGAL STANDARD

**Motions to Dismiss**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Although detailed factual allegations are not necessary, the pleading must include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation;" mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotations and citations omitted). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Thus, on a motion to dismiss for failure to state a claim, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 125 (2d Cir. 2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## DISCUSSION

### I.  Statute of Limitations

The parties dispute whether New York or Delaware law should be applied in this action. Under New York law, the statute of limitations is the greater of six years from the date the cause

of action accrued or two years from the time the plaintiff discovers the fraud or could with reasonable diligence have discovered it. See NY CPLR § 213(8). Under Delaware Law, the statute of limitations is three years from the date the cause of action accrued, however, the statute can be tolled if the Plaintiff can show fraudulent concealment or establish justification for equitable tolling. See 10 Del. C. § 8106; EBS Lit. LLC v. Barclays Global Investors, N.A., 304 F.3d 302, 305 (3d Cir. 2002).

The last investment was made by Plaintiff, and the cause of action thereby accrued, on November 1, 2011 and the Complaint was filed on November 4, 2019. Plaintiff asserts that she did not discover the fraud, or could with reasonable diligence have discovered it, until July 26, 2018 when she received the letter from Goldman Sachs because until then she was repeatedly falsely told by the defendant that her investment was sound. She filed her Complaint within two years of that date, and her claim is therefore not time-barred under New York Law. She also asserts the fraudulent concealment and provides grounds for equitable tolling and therefore her claims are not time-barred under Delaware law.

Defendant asserts that Plaintiff was on notice of fraud because she acknowledged in the two sale contracts signed by the parties that she was a qualified investor and that she was familiar with the operating agreement. See Def.s' Exs. B-D.  Her acknowledgement of being a qualified investor, a term ambiguous at best, could not be construed to mean that she was qualified to discover that she was being defrauded and suspect that her nephew was being dishonest. It is understandably reasonable to assume reliance that an aunt would place on the honesty of a nephew, confident that he was acting in her best interest. See Uddo v. DeLuca, 425 F. Supp. 3d 138, 153 (E.D.N.Y. 2019) (finding that a familial relationship is relevant to fiduciary

4

duty "because family members often repose greater confidence and trust in each other than they do in others . . . .").

## II. Fraudulent Inducement

Defendant argues that Plaintiff's allegations are conclusory and fail to satisfy the requirements of Fed. R. Civ. P. 9(b). However, at this stage of the litigation, they are sufficient for multiple reasons.

First, Rule 9(b) allows states of mind such as knowledge or intent to be "alleged generally." The facts alleged cannot be speculative or conclusory, but rather must raise a strong inference of fraud. See Vaughn v. Consumer Home Mortg., Inc., 2003 WL 21241669, at *4 (E.D.N.Y. Mar. 23, 2003). This inference may be established by alleging facts which show that defendants had motive and opportunity to commit fraud. Id. Here, as the purported managing member of the LLC, who stood to benefit financially from the transaction, and in the context of the Complaint's other allegations, it is clear that Defendant could be found to have had such motive and opportunity.

Second, the Rule's pleading requirements are relaxed when the allegations relate to matters peculiarly within defendants' knowledge or possession. See Tribune Co. v. Purcigliotti, 869 F. Supp. 1076, 1088 (S.D.N.Y. 1994), aff'd sub nom., Tribune Co. v. Abiola, 66 F.3d 12 (2d Cir. 1995). Plaintiff alleges that Defendant's representations were fraudulent when made and that he never intended to provide a return on her investment. See Compl. at ¶¶ 55,60. It is difficult to imagine what specific facts beyond the above allegations that Plaintiff could possess as to Defendant's knowledge and intent without having conducted discovery.

5

Finally, the circumstances surrounding the investments made in response to the Defendant nephew's promises and representations are stated with the sufficient particularity Rule 9(b) requires to ensure that a defendant is adequately informed of the particular wrongdoing of which he is being accused. Defendant's alleged false representations to the Plaintiff that the investment would yield favorable returns to induce her investment in his project, which is the essence of this claim of fraud, is sufficient notice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is DENIED. Defendants shall file their proposed answer, no later than July 13, 2021.

SO ORDERED.

Dated:      Brooklyn, New York
            June 29, 2021

                                          /s/
                                    I. Leo Glasser
                                    Senior United States District Judge